**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4020-21

Y.Y., on behalf of minor
children, W.Y. and D.Y.,[1]

     Petitioner-Appellant,

v.

BOARD OF EDUCATION OF
THE BOROUGH OF NORTH
ARLINGTON, BERGEN COUNTY,

     Respondent-Respondent.

_____

Argued December 19, 2023 – Decided January 25, 2024

Before Judges Mayer, Enright and Paganelli.

On appeal from the New Jersey Commissioner of Education, Docket No. 149-5/16.

Y.Y., appellant, argued the cause pro se.

Eric Labes Harrison argued the cause for respondent Board of Education of the Borough of North Arlington (Methfessel & Werbel, attorneys; Eric Labes Harrison, on the brief).

---

[1] We use initials and pseudonyms to protect the parties' privacy.

Matthew J. Platkin, Attorney General, attorney for respondent New Jersey Commissioner of Education (Sadia Ahsanuddin, Deputy Attorney General, on the statement in lieu of brief).

PER CURIAM

Petitioner Y.Y. appeals from a July 13, 2022 final decision issued by respondent New Jersey Commissioner of Education (Commissioner) directing Y.Y. to reimburse respondent Borough of North Arlington Board of Education (Board) for tuition costs in the amount of $30,720.36. We affirm.

This case returns to us after a limited remand, directing the Commissioner to address the issue of tuition reimbursement and the arguments raised by Y.Y. "about the September 2015 disenrollment of D.Y." See Y.Y., on behalf of W.Y. and D.Y. v. Bd. of Ed. of Borough of North Arlington, No. A-5475-18 (App. Div. Oct. 13, 2021) (slip op. at 22).

In our prior decision, "[w]e affirm[ed] the Commissioner's final agency decision on the issue of domicile, finding it was not arbitrary, capricious, or unreasonable." Id. at 2. However, we "reverse[d] and remand[ed] the tuition issue to the Commissioner." Ibid.. In remanding, we stated:

> [W]e are not able to determine whether the tuition assessment is sustainable on appeal. Neither party provided a transcript of the [Administrative Law Judge's] hearing on February 14, 2019, nor copies of

the certifications that apparently detail how the tuition was calculated. All that we have is the Commissioner's summary of the attendance dates and amounts due without an explanation of the hourly rates.

. . . [T]he Commissioner did not address [Y.Y.]'s argument about the period from September [22,] 2015 to November [2,] 2015. Although this would not affect the domicile issue, it is not clear if this would affect the tuition calculation either in amount or duration, or even if this disenrollment occurred as alleged. For this reason, we reverse and remand the tuition issue to the Commissioner for factual findings regarding the tuition and consideration of [Y.Y.]'s arguments about the September 2015 disenrollment of D.Y.

[Id. at 22.]

The background facts relevant to Y.Y.'s appeal are set forth in our October 13, 2021 opinion. We need not repeat them here.

Y.Y. did not seek a review of our October 13, 2021 decision before the New Jersey Supreme Court. Thus, we do not consider Y.Y.'s arguments in this appeal related to the issue of domicile because the matter was adjudicated and our prior decision was dispositive of that issue.

On July 13, 2022, the Commissioner issued a final decision compelling Y.Y. to pay the sum of $30,720.36 to the Board, representing tuition reimbursement. The Commissioner explained the calculation for arriving at the amount of tuition reimbursement due from Y.Y. to the Board. Additionally, the

Commissioner found "[Y.Y.]'s arguments regarding the period of homeschooling [between September 22 and November 2, 2015] [were] . . . irrelevant, as no tuition was awarded to the Board for that time period."

Y.Y. appealed. On appeal, Y.Y. argues our October 13, 2021 decision, affirming the Commissioner's domicile findings, was incorrect. She further contends the Commissioner erred in ordering her to reimburse the Board for tuition. We reject these arguments.

The sole issue on remand to the Commissioner was the calculation of tuition reimbursement. Nowhere in her appellate brief does Y.Y. address this issue. Because Y.Y.'s brief failed to address the Commissioner's calculation of tuition reimbursement, the issue is waived. See N.J. Dep't of Env't Prot. v. Alloway Twp., 438 N.J. Super. 501, 505-06 n. 2 (App. Div. 2015) ("An issue that is not briefed is deemed waived upon appeal.").

Although we could decline to review Y.Y.'s challenge to the Commissioner's July 13, 2022 decision calculating tuition reimbursement, we elect to explain why the calculation is supported by substantial evidence in the record and, therefore, proper.

"An agency's determination on the merits 'will be sustained unless there is a clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks

fair support in the record.'" Saccone v. Bd. of Trs., Police & Firemen's Ret. Sys., 219 N.J. 369, 380 (2014) (quoting Russo v. Bd. of Trs., Police & Firemen's Ret. Sys., 206 N.J. 14, 27 (2011)). On appeal from an agency decision, we consider:

> (1) whether the agency's action violates express or implied legislative policies, that is, did the agency follow the law; (2) whether the record contains substantial evidence to support the findings on which the agency based its action; and (3) whether in applying the legislative policies to the facts, the agency clearly erred in reaching a conclusion that could not reasonably have been made on a showing of the relevant factors.
>
> [Allstars Auto Grp., Inc. v. N.J. Motor Vehicle Comm'n, 234 N.J. 150, 157 (2018) (quoting In re Stallworth, 208 N.J. 182, 194 (2011)).]

A school district may seek tuition reimbursement where a student attended but was not domiciled in the district. N.J.S.A. 18A:38-1(b)(2). The Commissioner's computation of tuition "shall be . . . on the basis of 1/180 of the total annual per pupil cost to the local district multiplied by the number of days of ineligible attendance." Ibid. However, tuition may only be assessed for the period during which the Commissioner's decision was pending "and for up to one year of a student's ineligible attendance in [the] school district prior to the appeal's filing and including the [twenty-one]-day period to file an appeal." N.J.A.C. 6A:22-6.2(a).

5

At a February 14, 2019 hearing, an Administrative Law Judge reviewed certifications submitted by Kathleen Marano, the North Arlington School District Business Administrator and North Arlington Board of Education Secretary; and John Susino, the Bergen County Technical and Special Services School Districts Business Administrator and Secretary.

Marano certified the annual cost of D.Y.'s tuition was $10,844 for the 2014-15 school year and $12,290 for the 2015-16 school year. She further certified that, beginning May 4, 2015, D.Y. attended school in the district for an additional thirty and one-half school days during the 2014-15 school year and ten school days during the 2015-16 school year. Based on the foregoing, Marano calculated the total tuition reimbursement owed for D.Y. to be $2,520.23.[2]

Marano also certified the annual cost of W.Y.'s tuition at Bergen Tech was $8,568 for the 2014-15 school year, during which W.Y. was enrolled for thirty-three days between May 4, 2015 and the last day of school. Therefore, she

---

[2] In arriving at this calculation, Marano divided the annual tuition rate for each year of attendance by 180, producing a daily tuition rate of $60.24 for the 2014-15 school year and $68.28 for the 2015-16 school year. Marano then multiplied the daily rate by the number of days D.Y. attended school during that school year, finding the total cost of D.Y.'s tuition to be $1,837.46 for the thirty and one-half days D.Y. attended school during the 2014-15 school year and $682.78 for the ten days D.Y. attended school during 2015-16.

A-4020-21

calculated the total tuition reimbursement owed for W.Y. for that school year to be $1,570.80.[3]

Marano and Susino further certified the North Arlington school district paid Bergen Tech the following amounts for W.Y.'s tuition in subsequent years: $8,730 for the full 2015-16 school year; $8,910 for the full 2016-17 school year; and $9,126 for the full 2017-18 school year. Therefore, Marano calculated the total tuition reimbursement owed for W.Y. to be $28,336.80.

Based on these calculations, Marano determined Y.Y. owed the North Arlington school district $30,857.03. However, the Board granted a two-day credit for D.Y.'s attendance during the 2015-16 school year, reducing the amount of tuition owed by $68.28 per day for a total tuition reimbursement in the amount of $30,720.36.

Having reviewed the record, the Commissioner's calculation of the amount of tuition reimbursement due from Y.Y. comported with N.J.A.C. 6A:22-6.2(a) and the decision is amply supported by the evidence. Additionally, on this record, it is clear the Commissioner did not assess tuition for D.Y. for the period between September 22 and November 2, 2015, clarifying that issue

---

[3] In arriving at this calculation, Marano divided the annual tuition rate by 180, producing a daily tuition rate of approximately $47.60, which she multiplied by the number of days W.Y. was enrolled at Bergen Tech that year.

consistent with our remand instructions. Thus, we are satisfied the Commissioner did not act arbitrarily, capriciously, or unreasonably in calculating the amount of tuition owed by Y.Y. to the Board.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4020-21